

Governor John Kasich

**OHIO CIVIL RIGHTS COMMISSION**

G. Michael Payton
*Executive Director*

**Commissioners**
Leonard Hubert, *Chair*

Lori Berarras
William W. Patmon, III
Madhu Singh
Juan Cespedas

DAYTON REGIONAL OFFICE
Point West III
3055 Kettering Blvd.
Suite 111
Dayton, OH 45439
(937) 285-6500 Phone
(888) 278-7101 Toll Free
(937) 285-6606 Fax
www.crc.ohio.gov

March 16, 2017

Kimberly A. Hill
19 Hawthorn Street
Dayton, OH 45402

Len Bazelak, City of Dayton Attorney
Law Dept. & Civil Division
101 West 3rd. Street
P. O. Box 22
Dayton, OH 45402

**LETTER OF DETERMINATION**
Kimberly A. Hill v. City of Dayton-Police Department
(DAY) 76 (25715) 05262016; 22A 2016 01977 C

**SUMMARY OF ALLEGATIONS:**

Charging Party filed an affidavit with the Ohio Civil Rights Commission alleging that Respondent engaged in an unlawful discriminatory act. All jurisdictional requirements for filing a charge have been met.

**FINDINGS OF FACT:**

After receiving the charge, the Commission staff conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission gathered relevant information. Based upon its investigation, the Commission found no information or records that would raise an inference that Respondent unlawfully discriminated against Charging Party. Specifically, the Commission was unable to prove that the Respondent had taken any adverse action against the Charging Party because of a protected basis or in retaliation for having participated in a protected activity. The Charging Party has been promoted several times during her tenure with the Respondent. The Respondent revised its procedures for promotions or appointments for positions outside of the bargaining unit and not subject to civil service, i.e., Major, Assistant Chief and Deputy Chief. The Commission was unable to substantiate that the new procedures were developed and/or implemented to prevent the Charging Party from applying for and/or being promoted to a Major's position. The Commission was unable to prove that the Respondent changed the educational requirement to disqualify the Charging Party for the Major's position. The Charging Party did apply for the Major's position, met the minimum qualifications, and went through the Assessment Center process as did other applicants. The Charging Party was not considered the top candidate for the Major's position. There is no requirement that a posting has to be posted immediately after a vacancy. There is no automatic entitlement to be promoted to the position of Major based upon seniority. The Major's position is an "unclassified" position, serving as an at-will employee. The Commission finds no credible information supporting Charging Party's allegation of unlawful activity.

**DECISION:**

Based on the investigation conducted in this matter, the Ohio Civil Rights Commission has determined that there is **NO PROBABLE CAUSE** for the Commission to issue an administrative complaint accusing Respondent of an unlawful discriminatory practice. Consequently, the Commission hereby orders that this matter be **DISMISSED**.

FOR THE COMMISSION

Kathy Haley Ross
Acting Dayton Regional Director

C: Chanda L. Brown, Esq.
Sean L. Walton, Esq.



EXHIBIT J